UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Ariella Babad, individually and on behalf of all others similarly situated,<br><br>          Plaintiff,<br><br>  -v.-<br><br>The Levinbrook Law Firm, P.C.,<br><br>          Defendant(s). | Case. No.: 1:21-cv-4322<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

  Plaintiff Ariella Babad (hereinafter referred to as "Plaintiff") brings this Class Action Complaint by and through her attorneys, Stein Saks, PLLC, against Defendant The Levinbrook Law Firm, P.C., (hereinafter referred to as "Defendant"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

### INTRODUCTION/PRELIMINARY STATEMENT

  1.  The Fair Debt Collection Practices Act ("FDCPA") was enacted in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). This was because of the concern that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

  2.  The purpose of the Act was not only to eliminate abusive debt collection practices, but also to ensure "that those debt collectors who refrain from using abusive debt collection practices

1

are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate *Id.* § 1692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq. The Court has pendent jurisdiction over any State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the Plaintiff resides, as well as a where a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of New York consumers under § 1692 et seq. of Title 15 of the United States Code, also known as the Fair Debt Collections Practices Act ("FDCPA"), and

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of New York, county of Nassau.

8. Defendant is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA, located at 77 Arkay Dr Suite C1, Hauppauge, NY 11788.

9. Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business, the principal purpose of which is to attempt to collect debts alleged to be due itself or another.

## CLASS ALLEGATIONS

10. Plaintiff brings this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

11. The Class consists of:

   a. all individuals with addresses in the State of New York;

   b. to whom Defendant sent more than one collection letter;

   c. regarding a debt for medical services;

   d. with the same date of service;

   e. sent to the individual on the same day;

   f. with different amounts owed;

   g. without any explanation for the difference between the amounts owed;

   h. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

12. The identities of all class members are readily ascertainable from the records of Defendant and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

13. Excluded from the Plaintiff Class are the Defendant and all officers, members, partners, managers, directors and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

14. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the forms attached as Exhibit A, violate 15 U.S.C. §§ 1692e and 1692g et seq.

15. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

16. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   a. **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

   b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the forms attached as Exhibit A violate 15 U.S.C. §§ 1692e and 1692g et seq.

   c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

   d. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are averse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits,

complex legal issues, and class actions. Neither the Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

17. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

18. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

19. Plaintiff repeats the above allegations as if set forth herein.

20. On March 2, 2020, Plaintiff allegedly incurred an obligation to the Creditor, Zwanger-Pesiri Radiology (hereinafter "Zwanger"), who is a "creditor" as defined by 15 U.S.C. § 1692a (4).

21.     The obligation allegedly arose out of medical services which were incurred solely for personal purposes. The subject obligation is therefore a "debt" as defined by 15 U.S.C.§ 1692a (5).

22.     Upon information and belief, Zwanger contracted the Defendant, a law firm, for the purpose of debt collection. Therefore, Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a (6).

23.     Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

*Violation – June 11, 2021 Collection Letters*

24.     On or about June 11, 2021, Defendant sent the Plaintiff multiple collection letters regarding the subject debt owed to Zwanger. (See "Letter A" and "Letter B" Attached as Exhibit A and Exhibit B, respectively.)

25.     In Letter A, dated June 11, 2021, Defendant states that Plaintiff owes $22.68.

26.     In Letter B, dated June 11, 2021, Defendant states that Plaintiff owes $31.26.

27.     Both letters list the account number as 420458.

28.     Both letters list the date of service as 03/02/20.

29.     Other than the discrepancy between the amounts due, there are no other differences between Letter A and Letter B.

30.     Plaintiff maintains that she does not owe any amount whatsoever to Zwanger.

31.     It is a deceptive practice to repeatedly attempt collection of debts that a consumer does not owe.

32. Even assuming Plaintiff does owe some amount to Zwanger, Defendant sent letters to Plaintiff that are confusing, misleading, and open to more than one reasonable interpretation:

    A) The amount due in Letter A is correct and the amount due in Letter B is incorrect;

    B) The amount due in Letter B is correct and the amount due in Letter A is incorrect;

    C) Both amounts are mistaken and Plaintiff owes a different amount, not stated on either Letter A or Letter B;

33. The contradiction between the amount due in Letter A and Letter B needs to be clarified for Plaintiff in the dunning letter.

34. Without providing any kind of distinction between the two amounts due, Defendant falsely represented the character, amount and/or legal status of the debt.

35. In result, Plaintiff did not know how much, if anything, she owed to Zwanger.

36. Defendant was required to inform Plaintiff of how much she owed to Zwanger in a meaningful way that would allow Plaintiff make an educated decision of how to handle her debt(s).

37. By sending Letter A and Letter B to Plaintiff without clarifying the discrepancy between the two amounts due, Defendant failed to meet its statutory obligation.

38. Congress is empowered to pass laws and is well-positioned to create laws that will better society at large.

39. As it relates to this case, Congress identified a concrete and particularized harm with a close common-law analogue to the traditional tort of fraud.

40. Now, consumers have a right to receive proper notice of the amount of their debts. When a debt collector fails to effectively inform the consumer of the correct amount of their debt, in violation of statutory law, the debt collector has harmed the consumer.

41. Defendant's collection efforts with respect to this alleged debt caused Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides Plaintiff with the legally protected right not to be misled or treated unfairly with respect to any action regarding the collection of any consumer debt.

42. These violations by Defendant were knowing, willful, negligent and/or intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violations.

43. Defendant's deceptive, misleading and unfair representations with respect to its collection efforts were material misrepresentations in that they relate to the amount of the debt, the most material factor of a dunning letter.

44. Defendant's collection efforts affected and frustrated Plaintiff's ability to intelligently respond to Defendant's dunning letters because Plaintiff could not adequately respond to Defendant's demand for payment of this debt.

45. Plaintiff would have pursued a different course of action were it not for Defendant's statutory violations.

46. As a result of Defendant's deceptive, misleading and false debt collection practices, Plaintiff has been damaged.

## COUNT I

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §1692e** *et seq.*

47. Plaintiff repeats the above allegations as if set forth herein.

48. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

49. Pursuant to 15 U.S.C. § 1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

50. Defendant violated said section by misrepresenting the character, amount, and/or legal status of the debt, in violation of § 1692e (2)(A).

51. Additionally, Defendant violated said section by deceptively and/or misleadingly providing two different amounts due for medical services provided on the same day without clarifying the discrepancy between the amounts, in violation of § 1692e (10).

52. By reason thereof, Defendant is liable to Plaintiff for judgment in that Defendant's conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692g *et seq.*

53. Plaintiff repeats the above allegations as if set forth herein.

54. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

55. Pursuant to 15 U.S.C. § 1692g:

   a. Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –

   1. The amount of the debt;
   2. The name of the creditor to whom the debt is owed;
   3. A statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any

portion thereof, the debt will be assumed to be valid by the debt-collector;

4. A statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

5. A statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

56. Defendant violated this section by providing an incorrect amount of the debt, thereby violating §1692g(a)(1).

57. By reason thereof, Defendant is liable to Plaintiff for judgment in that Defendant's conduct violated Section 1692g et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## **DEMAND FOR TRIAL BY JURY**

58. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Ariella Babad, individually and on behalf of all others similarly situated, demands judgment from Defendant The Levinbrook Law Firm, P.C. as follows:

i. Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Tamir Saland, Esq. as Class Counsel;

ii. Awarding Plaintiff and the Class statutory damages;

iii. Awarding Plaintiff and the Class actual damages;

iv. Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

v. Awarding pre-judgment interest and post-judgment interest; and

vi. Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated:  August 2, 2021

Respectfully Submitted,

**Stein Saks, PLLC**
**/s/ Tamir Saland**
Tamir Saland, Esq.
One University Plaza, Ste. 620
Hackensack, NJ, 07601
P. (201) 282-6500 ext. 122
F. (201) 282-6501
tsaland@SteinSaksLegal.com
*Attorneys for Plaintiff*